# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Serge R. Wandji, ) | Civil Action No. 2:18-03036-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Robert Wilkie, ) | |
| *Secretary of Veterans Affairs,* ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 103) recommending the Court grant Defendant's motion for summary judgment (Dkt. No. 85) and deny Plaintiff's motion for summary judgment (Dkt. No. 86). For the reasons set forth below, the Court adopts the R & R as the order of the Court, grants Defendant's motion for summary judgment, and denies Plaintiff's motion for summary judgment.

## I.    Background

Plaintiff Serge R. Wandji, proceeding *pro se*, filed this civil action against his former employer, Defendant the U.S. Department of Veterans Affairs (the "Department" or "Defendant"), alleging race discrimination, hostile work environment, retaliation, and pattern or practice of disparate treatment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). On June 25, 2020, Defendant filed a motion for summary judgment. (Dkt. No. 85). The same day, Plaintiff also moved for summary judgment. (Dkt. No. 86). On November 9, 2020, the Magistrate Judge issued an R & R recommending that the Court grant Defendant's motion and deny Plaintiff's motion. (Dkt. No. 103). Plaintiff then filed timely objections to the R & R, (Dkt. No. 105), to which Defendant filed a reply, (Dkt. No. 106).

The parties' motions are fully briefed and ripe for disposition.

## II.    Legal Standard

### a.  Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1).  This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects to. Fed. R. Civ. P. 72 (b)(2).  Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). (internal quotation omitted).  "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-cv-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). Plaintiff filed objections and the R & R is reviewed *de novo.*

### b.  Motion for Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The Court interprets all inferences and ambiguities against the movant and in favor of the non-moving party.  *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  Where the moving party has met its burden, the non-moving party must come forth with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing Rule 56(e)); *Lilly v. Crum*, No. 2:19-CV-00189, 2020

WL 1879469, at *4 (S.D.W. Va. Apr. 15, 2020) (noting that the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to create a genuine dispute) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

## I.     Discussion

After review of the record, the R & R, and Plaintiff's objections, the Court finds the Magistrate Judge accurately, and painstakingly, set forth the facts and legal principles in this case, correctly finding that Defendant's motion for summary judgment should be granted and that Plaintiff's should be denied.  The Court therefore adopts the R & R in whole as the order of the Court.  The Court addresses Plaintiff's objections below.

The Court overrules Plaintiff's objections.  While numerous, as Defendant notes in its reply to Plaintiff's objections, Plaintiff's objections "consist[] of little more than a rewriting of the arguments Plaintiff presented in support of his summary judgment motion and in opposition to Defendant's motion, arguments the Magistrate Judge addressed thoroughly in the Report and Recommendation." (Dkt. No. 106 at 2). *Compare* R & R, (Dkt. No. 103 at 21-22) (explaining the Magistrate Judge would analyze Plaintiff's claims under the *McDonnell Douglas Corp.* burden-shifting framework as opposed to the "mixed-motive" framework because Plaintiff had put forth no direct evidence of discrimination) *with* Plaintiff's Objections, (Dkt. No. 105 at 1-2) (arguing that the Magistrate Judge erroneously failed to apply the "mixed-motive" framework). *Compare* (*Id.* at 5) (alleging the Magistrate Judge erroneously refused to address eleven instances of discrimination raised by Plaintiff in his motion for summary judgment) *with* (Dkt. No. 103 at 25-26) (describing twelve allegedly discriminatory acts Plaintiff raised in his motion for summary judgment, noting "Plaintiff's Motion for Summary Judgment (Dkt. No. 85) and Response in Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 97) are not rigidly

structured around the precise steps of the *McDonnell Douglas* proof scheme; rather, they summarily describe each purported act of discrimination Plaintiff allegedly experienced while employed by the Agency and explain why the Agency's explanations for these acts are pretext for Title VII discrimination. . . . Accordingly, the undersigned finds it most judicious to determine which of the alleged incidents qualify as true adverse employment actions under Title VII and then proceed to the second and third prongs of the framework to determine whether the Agency's proffered legitimate, nondiscriminatory reasons for those qualifying incidents are pretext for unlawful discrimination"). Plaintiff's objections are thus non-specific in that they are "unrelated to the dispositive portions of the Report, or merely restate Plaintiff's claims" and the Court will not discuss them further. *Lester v. Michael Henthorne of Littler Mendleson PC*, No. CV 3:14-3625-TMC, 2014 WL 11531106, at \*1 (D.S.C. Oct. 28, 2014), *aff'd sub nom. Lester v. Michael Henthorne of Littler Mendelson PC*, 593 F. App'x 239 (4th Cir. 2015). Plaintiff's objections are accordingly overruled.

## II.     Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 103) as the order of the Court, **GRANTS** Defendant's motion for summary judgment (Dkt. No. 85) and **DENIES** Plaintiff's motion for summary judgment (Dkt No. 86).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

December 8, 2020
Charleston, South Carolina

4